McFarland, J.,
delivered the opinion of the Court.
This suit was commenced against James and John Walker, before a justice of the peace, upon a note for about $300, upon which there were credits. Upon the trial in the Circuit Court the controversy was as to the payment of $180, claimed to have been made by James Walker before the date of the credits entered *195 upon the note. This $180, with the credits entered upon the note and the amount- of usury admitted, would overpay the note. The verdict of the jury is, “ That they find the matter in favor of the defendants and against the plaintiff, and that the plaintiff does ■owe the defendants the sum of one hundred and thirty-two dollars and thirty-six cents” — for which judgment was rendered in favor of the defendants and against the plaintiff. Prom this judgment the plaintiff has appealed in error. The disputed question of facts was submitted to the jury, principally upon the evidence •of the parties themselves, upon a charge not excepted to. Their testimony is in direct conflict. Upon rules that are well settled for the government of this court, ~we could not disturb their verdict, as they have very positive and direct evidence to support it. They have chosen to believe the evidence upon one side in preference to the other — and this with the witnesses before them. Prom all we see in the evidence, they might well have found this verdict. And the° Circuit Judge was satisfied to let it stand. All other questions aside, we could not disturb this verdict — especially as there have been two verdicts to the same effect.
But, can this judgment in favor of the defendants for $132.36 stand? Under our statutes, mutual debts may be set-off against each other. Originally this was ■only allowed to the extent to defeat the plaintiff’s demand; but by the Act of 1851-2 — Code 2922 — if the debt or demand so offered to be set-off, exceed the amount of the plaintiff’s demand, such excess being found by the jury, judgment shall be rendered against *196 the plaintiff in favor of the defendant for such excess. This Act was construed to mean, that such judgments could only be rendered in favor of the defendant, when the jury found the plaintiff had a demand, but that it was exceeded by the defendant’s demand, and could not apply — when the jury find that in reality the plaintiff had no demand — in such case there is nothing against which the set-off can apply: Brazelton v. The N. & C. R. R. Co., 3 Head, 570. And the same has been held after the passage of the Act of 1856, and the adoption of the Code. See E. T. & Va. R. R. Co. v. Galbraith, 1 Heis., 482.
In this case, the evidence which the jury have believed, shows that the demand upon which the suit was brought, had been fully paid before the action was brought, and they so in effect find. They do not find that the demand of the defendants exceeds the demand of the plaintiff the amount stated, or that upon the adjustment of their accounts, or claims, (or anything of equivalent import), this sum is due the defendants. Nor could they have so found upon the evidence — but they “find the matter in favor of the defendants and against the plaintiff” — evidently meaning that the plaintiff had no subsisting claim whatever. At this their verdict should have stopped. The remainder of their verdict should be rejected — such is the clear import of the authority referred to.
The. result of this would be, that the Circuit Judge should have disregarded the finding of the jury upon the set-off, and if satisfied with the finding of the jury in favor of the defendants, as to the plaintiff’s *197 debt, rendered judgment for the defendants for costs only. See 1 Heis., 485, and 3 Head, 570 — in which, latter case- this course was adopted.
Upon another ground, the finding of the jury as to the set-off is not supported by evidence. Upon the defendants’ theory, they have paid the debt, and one of them has paid the plaintiff in excess to the amount here claimed. This would be a claim due from the plaintiff to the defendant who thus paid it to him, -and prima facie would not be a debt due the defendants jointly — though it might be if the money belonged to them jointly. If this amount was due one of the defendants only, it could not be set-off against the plaintiff’s demand. Turbeville v. Broach, 5 Col., 270; Flint v. Tilman, 2 Heis., 202; 2 Yer., 258.
The judgment will be reversed, and the judgment rendered here that the Circuit Court should ihave rendered, in favor of the defendants for the costs.